**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Michael Vriens and Steve Smith, individually, and on behalf of all others similarly situated, | Case No.: 2:23-cv-6797-DCN |
| Plaintiffs, | |
| v. | **SECOND AMENDED SUMMONS** **(Defective Construction)** **(Class Action)** **(Jury Trial Demanded)** |
| Tip-Top Roofing & Construction, LLC, Pacific Contractors, LLC, and Builders FirstSource – Southeast Group, LLC, Carolina Custom Carpentry, LLC, Quad K, LLC, JJL Construction, LLC, CAC Carpentry, LLC, Alpha Construction of SC, LLC, Good Luck Incorporated, South Atlantic Framing, Inc., SRC Construction, LLC, Jalisco Framing, LLC, Mendoza Construction, LLC, VL Contractor, LLC, 84 Lumbar Company, LP, Varanda Contracting Group, Inc., TOMECH, LLC d/b/a Firm Foundation Coastal Carolina's, Valim Construction, LLC, Ram Construction SC, LLC, Gold Star Construction, LLC, ProBuild East, LLC, Archer Exteriors, Inc., Americo Roofing Concepts, Inc., Contract Exteriors, LLC, Holy City Exteriors, LLC, SR Construction, LLC, Robert Helms Construction, Inc., Quick Roofing, LLC, Monarch Company, LLC, Accurate Building Company, LLC, Southend Exteriors, Inc., Above the Sky Roofing, Inc., ABC Supply Co, Inc., SRS Distribution, Inc. f/k/a Superior Distribution, Contract Lumber, Inc., BMC East, LLP, USLBM-Professional Builders Supply a/k/a US LBM Holdings, LLC a/k/a US LBM, LLC, and D.R. Horton, Inc., Defendants. | |

TO THE ABOVE-NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED and required to answer the Amended Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint on the subscriber, at the address shown below, within thirty (30) days after service hereof, not including the day of such service, and if you fail to answer the complaint within the time stated above, judgment by default will be rendered against you for the relief demanded in the complaint. In addition, your answer should be filed with the court within five (5) days after service thereof.

JUSTIN O'TOOLE LUCEY, P.A.

/s/ Justin O'Toole Lucey
Justin O'Toole Lucey (Fed. ID. No.: 5613)
Mandee Funai (Fed. ID. No.: 13743)
415 Mill Street
Mount Pleasant, SC 29464
Phone: (843) 849-8400
jlucey@lucey-law.com
mfunai@lucey-law.com
*Attorneys for the Plaintiffs*

October 10, 2024
Charleston, South Carolina

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Michael Vriens and Steve Smith, individually, and on behalf of all others similarly situated, ) ) ) | Case No.: 2:23-cv-6797-DCN |
| Plaintiffs, ) ) | |
| v. ) ) | **SECOND AMENDED COMPLAINT** |
| Tip-Top Roofing & Construction, LLC, Pacific Contractors, LLC, and Builders FirstSource – Southeast Group, LLC, Carolina Custom Carpentry, LLC, Quad K, LLC, JJL Construction, LLC, CAC Carpentry, LLC, Alpha Construction of SC, LLC, Good Luck Incorporated, South Atlantic Framing, Inc., SRC Construction, LLC, Jalisco Framing, LLC, Mendoza Construction, LLC, VL Contractor, LLC, 84 Lumbar Company, LP, Varanda Contracting Group, Inc., TOMECH, LLC d/b/a Firm Foundation Coastal Carolina's, Valim Construction, LLC, Ram Construction SC, LLC, Gold Star Construction, LLC, ProBuild East, LLC, Archer Exteriors, Inc., Americo Roofing Concepts, Inc., Contract Exteriors, LLC, Holy City Exteriors, LLC, SR Construction, LLC, Robert Helms Construction, Inc., Quick Roofing, LLC, Monarch Company, LLC, Accurate Building Company, LLC, Southend Exteriors, Inc., Above the Sky Roofing, Inc., ABC Supply Co, Inc., SRS Distribution, Inc. f/k/a Superior Distribution, Contract Lumber, Inc., BMC East, LLP, USLBM-Professional Builders Supply a/k/a US LBM Holdings, LLC a/k/a US LBM, LLC, and D.R. Horton, Inc., Defendants. | **(Defective Construction)** **(Class Action)** **(Jury Trial Demanded)** |

_____

Plaintiffs, Michael Vriens and Steve Smith, individually, and on behalf of all others similarly situated, complaining of the above-named Defendants, respectfully allege and show the Court as follows:

## PARTIES AND JURISDICTIONAL STATEMENT

1.     Plaintiff Michael Vriens ("Plaintiff Vriens") is a citizen and resident of Charleston County, South Carolina and owns a home located at 1261 Ames Way, Mount Pleasant, South Carolina 29466.

2.     Plaintiff Vriens purchased his home from D.R. Horton on or about July 11, 2022.

3.     Plaintiff Steve Smith ("Plaintiff Smith") is a citizen and resident of Coastal South Carolina. Smith is a fictional name until the Court grants leave for Plaintiff to nominate a downstream homeowner as a Co-Class Representative.

4.     Plaintiff Vriens and Smith bring this action on behalf of themselves and a proposed Class of other similarly situated homeowners (collectively "Plaintiffs"), further described below.

5.     Defendant D.R. Horton, Inc. ("Horton") conducts business as a home builder in Coastal South Carolina, including Charleston County.

6.     Horton is a corporation organized under the laws of the State of Delaware.

7.     Horton is the developer and builder of the Plaintiffs' homes.

8.     At all times relevant to this action, Horton directed, managed, controlled, supervised, and participated in the design, construction, and sale of the Plaintiffs' homes, including specifying and procuring the components and services to be utilized in the construction of the homes.

9.     "Coastal South Carolina" is that portion of the following counties that are in a 140 mph or greater wind zone under the International Residential (Building) Code, 2015, 2018, and

4

2021 editions, as adopted in South Carolina: Beaufort, Charleston, Dorchester, Berkeley, Georgetown, and Horry.

10. The proposed Class of Plaintiffs is more defined as follows:

All persons and entities that are owners of residences built by D.R. Horton in Coastal South Carolina which were permitted for construction on or after July 1, 2016, and were completed before 2024.

Excluded from the Classes are: (a) Defendants and their owners and employees, (b) any homeowner that has previously sued upon or released the claims set forth herein; and, (c) all persons who properly execute and file a timely request for exclusion from the Class.

The Plaintiff Class includes a subclass of the first owners of the residences, who purchased their homes directly from Horton, referred to as the "Upstream Subclass;" and includes a subclass of those persons who did not purchase directly from Horton, referred to as the "Downstream Subclass." Plaintiff Vriens is nominated to represent the Upstream Subclass; Plaintiff Smith is nominated to represent the Downstream Subclass.

***Subcontractor/Supplier Defendants***

11. Defendant Tip-Top Roofing & Construction, LLC ("Tip-Top") is a limited liability company organized and existing under the laws of the State of South Carolina which installed Roofing on class members homes.

12. Defendants Archer Exteriors, Inc., Americo Roofing Concepts, Inc., Contract Exteriors, LLC, Holy City Exteriors, LLC, SR Construction, LLC, Robert Helms Construction, Inc., Quick Roofing, LLC, Monarch Company, LLC, Accurate Building Company, LLC, Southend Exteriors, Inc., Valim Construction, LLC, USLBM- Professional Builders Supply a/k/a US LBM Holdings, LLC a/k/a US LBM, LLC, and Above the Sky Roofing, Inc., are additional Roofing entities which installed Roofing on Class members' homes (Tip-Top and additional

Roofing Entities are hereinafter collectively referred to as "Roofers.") The additional Roofing entities are further described in the attached Exhibit A.

13.     Defendant Pacific Contractors, LLC ("Pacific") is a limited liability company organized and existing under the laws of the State of South Carolina which provided framing services for the construction of the Plaintiffs' homes, including the installation of underlayment on class members homes.

14.     Defendants Carolina Custom Carpentry, LLC, Quad K, LLC, JJL Construction, LLC, CAC Carpentry, LLC, Alpha Construction of SC, LLC, Good Luck Incorporated, South Atlantic Framing, Inc., SRC Construction, LLC, Jalisco Framing, LLC, Mendoza Construction, LLC, VL Contractor, LLC, 84 Lumbar Company, LP, Varanda Contracting Group, Inc., TOMECH, LLC d/b/a Firm Foundation Coastal Carolina's, Valim Construction, LLC, Ram Construction SC, LLC, Gold Star Construction, LLC, and ProBuild East, LLC are additional Framer entities which installed underlayment on class members homes (Pacific and additional Framing Entities are hereinafter collectively referred to as "Framers.") The additional Framing entities are further described in the attached Exhibit A.

15.     Defendants Builders FirstSource – Southeast Group, LLC ("BFS"), ABC Supply Co, Inc., SRS Distribution, Inc. f/k/a Superior Distribution, Contract Lumber, Inc., 84 Lumbar Company LP, BMC East, LLP, USLBM- Professional Builders Supply a/k/a US LBM Holdings, LLC a/k/a US LBM, LLC, and ProBuild East, LLC, are material suppliers which, upon information and belief, supplied the underlayment used on class members homes. The Supplier entities are further described in the attached Exhibit A, and are collectively referred to herein as "Suppliers."

16.     Defendant Roofers, Framers, and Suppliers supplied materials, provided labor, and/or installed roofing components (hereinafter collectively "Roofing") on Plaintiffs' home and Class members' homes, acting on Horton's behalf.

17.     This Honorable Court has jurisdiction over all parties hereto and over all subject matter alleged herein.

18.     Venue is proper in Charleston County as the Plaintiff's injuries and some of the Defendants' acts and omissions took place in Charleston County.

## FACTUAL ALLEGATIONS

19.     This matter arises out of the supply and installation of Plaintiffs' Roofing by Defendants.

20.     The Roofing on the Class members' homes is installed in violation of the applicable 2015, 2018, and 2021 International Residential Building Codes ("IRC").

21.     These IRCs are adopted by the State of South Carolina and each Coastal County and their requirements have the force of law in this State.

22.     The 2015, 2018, and 2021 IRCs have identical or nearly identical provisions for the installation of Roofing in high wind zones (140 mph wind zones or greater).

23.     Plaintiffs and the Class Members' homes have Roofing that has non-compliant **underlayment** and non-compliant **underlayment fastener patterns**.

24.     The Suppliers supplied the non-compliant underlayment, the Framers installed the non-compliant underlayment in a non-compliant manner, and the Roofers installed the shingles on the incorrectly fastened, non-complaint underlayment, without first requiring corrections.

25.     The foregoing building code violations are typically accompanied by other building code violations in the installed Roofing, *e.g.*, inadequate underlayment coverage of the roof deck.

26.     The foregoing violations, singularly and collectively, make the residences more susceptible to damage during storm events.

27.     By owning a house that is more susceptible to damage than it should be, the Plaintiffs have already suffered damage.

28.     The foregoing building code violations, singularly and collectively, damage the value of the residences, and therefore damage Plaintiffs, in that the deviations, a/k/a deficiencies, must be corrected or disclosed to potential buyers.

29.     The foregoing building violations permit water intrusion and resulting damage to the residences.

30.     At the time these houses were placed in the stream of commerce, the foregoing defects were latent in nature.

31.     Defendants should have known of the existence of the latent defects for many reasons, including that 1) they hold themselves out as competent home builders. roofing and framing contractors, and/or construction materials suppliers; 2) the IRCs require that Defendants comply with its provisions; and 3) the deviations were brought to the Defendants' attention long prior to this suit being filed.

32.     In fact, Horton has previously sought a retroactive wavier of the relevant building code requirements from one or more government entities.

33.     Plaintiff Vriens and one or more Class members have previously put Horton on notice of deviations.

34.     Horton has previously put other Defendants on notice of the deviations.

35.     Plaintiff Vriens and one or more Class members have given Defendants liberal access to inspect and cure the deviations.

36.     Defendants have failed to cure or correct the deviations.

37.     As a direct and proximate result of Defendants' violation of their legal duties, Plaintiffs have had to incur reasonable attorneys' fees and costs for the retention of experts to determine the damage and scope of work for repair.

38.     Horton and Suppliers knew or should have known that they were facilitating the use of non-compliant materials and failing to provide high wind product installation instructions/specifications to their Co-Defendants.

39.     Suppliers hold themselves out to the public, Co-Defendants included, as being knowledgeable about the suitability and use of construction products.

40.     Additionally, by undertaking to supply (and deliver) the underlayment for use in high wind zones, Suppliers had a duty to inform themselves of the Building Code's requirements for the materials being utilized.

41.     By undertaking to install the underlayment, Framers had a duty to inform themselves of the Building Code's requirements for the underlayment and its installation.

42.     Roofers had a duty to ensure that the substrate/underlayment preparation was suitable for the reception of the shingles and other materials before it applied them.

43.     Defendants had a duty to specify, supply, and install the Roofing in a workmanlike manner with suitable materials, free from all defects, and in accordance with the applicable building code, and applicable state and federal regulations.

44.     The Defendants breached the foregoing duties.

45.     The Roofing on Plaintiffs' homes must be replaced and any and all consequential damage repaired.

46.     Defendants' acts and omissions have proximately resulted in these deficiencies, and resulting damages, including inspection expenditures, loss of time and aggravation, and damage to the residences.

## PLAINTIFFS CLASS ACTION ALLEGATIONS

47.     Pursuant to the common law of South Carolina and Rule 23 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiffs bring this action, both individually, and on behalf of the above defined Class of similarly situated claimants.

48.     *Numerosity*: Information provided by Horton indicates that this class consists of approximately 12,000 residences, the joinder of whom in one action is impractical.

49.     *Commonality*: Questions of law and fact common to the Class exist as to all members of the Class and predominate over any questions affecting only individual members of the Class. These common legal and factual issues include the following:

> a.     Whether Defendants supplied and installed the Roofing in violation of the building code requirements as described above;
>
> b.     Whether Defendants' deviations from the building code constituted negligence and additionally breached Defendants implied warranties in connection with the Roofing;
>
> c.     Whether Defendants have acted or refused to act on grounds generally applicable to the Class; and,
>
> d.     Whether Defendants' conduct was reckless, willful, wanton, or the like, entitling Plaintiffs to punitive damages.

50.     *Typicality*: Plaintiffs' claims are typical of the claims of the Class, as all such claims arise out of Defendants' wrongful conduct in specifying, supplying, and installing the Roofing on the Plaintiffs' homes.

51.     *Adequate Representation*: Plaintiffs will fairly and adequately protect the interests of the Class and have no interests antagonistic to those of the Class. Plaintiffs have retained counsel

experienced in the prosecution of construction defect claims, class actions, and complex litigation involving product liability.

52.     *Predominance and Superiority*: This class action is appropriate for certification because questions of law and fact common to the Class predominate over questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Should individual Class members be required to bring separate actions, this Court would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale, and comprehensive supervision by a single court.

53.     Defendants have acted on grounds generally applicable to the Class. Class certification is appropriate because Defendants engaged in a uniform and common practice. All Class members have the same legal right to and interest in redress for damages associated with the defective Roofing conditions existing at their Residences.

54.     Plaintiffs envision no unusual difficulty in the management of this action as a class action.

55.     The amount of money at stake for each Class member is not sufficient for each member to hire their own counsel and engineers and bring their own action.

56.     All class members will benefit from a single determination as to whether Defendants systemically installed their Roofing in an illegal fashion.

## FOR A FIRST CAUSE OF ACTION
### (Negligence and Gross Negligence)
### (By Downstream Subclass Against All Defendants)

57.    Plaintiffs repeat and re-allege the above paragraphs as if fully set forth verbatim.

58.    Plaintiffs are the foreseeable owners and users of Defendants' Roofing.

59.    Defendants undertook and owed duties to Plaintiffs in connection with the Roofing.

60.    Defendants had a duty to specify, supply, and install the Roofing on the class homes in accordance with applicable building codes and in a careful, diligent, and workmanlike manner, free from defects.

61.    Defendants breached their duties to Plaintiffs in a manner that was negligent, grossly negligent, careless, reckless, willful, and wanton in the following particulars:

      a.    In failing to specify, supply, and install the Roofing in accordance with good workmanship and applicable building codes, and free from defects;

      b.    In failing to act as a reasonable person would in the circumstances then and there prevailing;

      c.    In failing to make proper repairs; and,

      d.    Other deviations and deficiencies or failures as will be shown through discovery and proven at trial.

62.    Plaintiffs have been damaged as a direct and proximate result of the negligence, carelessness, recklessness, gross negligence, willfulness, and wantonness of Defendants.

63.    The violation of applicable building codes constitutes negligence *per se* and may constitute evidence of gross negligence.

64.    If it is shown that said failures were committed with gross negligence and/or reckless disregard for the rights of others, Plaintiffs are entitled to an award of punitive damages against Defendants.

## FOR A SECOND CAUSE OF ACTION
### (Breach of Implied Warranties)
### (By Downstream Subclass Against All Defendants)

65.     Plaintiffs repeat and re-allege the above paragraphs as if fully set forth verbatim.

66.     Defendants implicitly warranted that the Roofing would be supplied and installed in a careful, diligent, and workmanlike manner, with suitable materials and components that complied with applicable building codes.

67.     Defendants implicitly warranted that the Roofing would be merchantable, free from latent defects, and fit for its particular purpose.

68.     Defendants breached their implied warranties by specifying, supplying, and installing the Roofing in a defective manner as set forth above.

69.     As a direct and proximate result of Defendants' breach of their implied warranties, Plaintiffs have been proximately damaged and are entitled to a judgment against Defendants.

## FOR A THIRD CAUSE OF ACTION
### (Negligence and Gross Negligence)
### (By Upstream Subclass Against All Defendants)

70.     Plaintiffs repeat and re-allege the above paragraphs as if fully set forth verbatim.

71.     If Horton prevails in compelling Vriens and/or the Upstream Subclass to arbitrate their claims against Horton, then, in that event, Horton shall be excluded from this Third Cause of Action.

72.     Plaintiffs are the foreseeable owners and users of Defendants' Roofing.

73.     Defendants undertook and owed duties to Plaintiffs in connection with the Roofing.

74.     Defendants had a duty to specify, supply, and install the Roofing at the Class homes in accordance with applicable building codes, and in a careful, diligent, and workmanlike manner, free from defects.

13

75.     Defendants breached their duties to Plaintiffs in a manner that was negligent, grossly negligent, careless, reckless, willful, and wanton in the following particulars:

      e.     In failing to specify, supply, and install the Roofing in accordance with good workmanship, applicable building codes, and free from defects;

      f.     In failing to act as a reasonable person would in the circumstances then and there prevailing;

      g.     In failing to make proper repairs; and,

      h.     Other deviations and deficiencies or failures as will be shown through discovery and proven at trial.

76.     Plaintiffs have been damaged as a direct and proximate result of the negligence, carelessness, recklessness, gross negligence, willfulness, and wantonness of Defendants.

77.     The violation of applicable building codes constitutes negligence *per se* and may constitute evidence of gross negligence.

78.     If it is shown that said failures were committed with gross negligence and/or reckless disregard for the rights of others, Plaintiffs are entitled to an award of punitive damages against Defendants.

## FOR A FOURTH CAUSE OF ACTION
### (Breach of Implied Warranties)
### (By Upstream Subclass Against All Defendants)

79.     Plaintiffs repeat and re-allege the above paragraphs as if fully set forth verbatim.

80.     If Horton prevails in compelling Vriens and/or the Upstream Subclass to arbitrate their claims against Horton, then, in that event, Horton shall be excluded from this Fourth Cause of Action.

81.     Defendants implicitly warranted that the Roofing would be specified, supplied, and installed in a careful, diligent, and workmanlike manner, with suitable materials and components that complied with applicable building codes, free from defects.

14

82.    Defendants implicitly warranted that the Roofing would be merchantable, free from latent defects, and fit for its particular purpose.

83.    Defendants breached their implied warranties by specifying, supplying, and installing the Roofing in a defective manner as set forth above.

84.    As a direct and proximate result of Defendant's breach of their implied warranties, Plaintiffs have been proximately damaged and are entitled to a judgment against Defendants.

WHEREFORE, Plaintiffs demand a trial by jury and pray for actual damages, consequential damages, and punitive damages, reasonable attorneys' fees, costs of suit, prejudgment interest, and granting of such further relief as the Court deems just and proper. Additionally, as the roofing recovery will result in a Common Fund, Plaintiffs pray for an award of attorneys' fees.

Respectfully submitted,

JUSTIN O'TOOLE LUCEY, P.A.

By:     */s/ Justin O'Toole Lucey*
        Justin O'Toole Lucey (Fed. ID. No.: 5613)
        Mandee Funai (Fed. ID. No.: 13743)
        415 Mill Street
        Mount Pleasant, SC 29464
        Phone: (843) 849-8400
        jlucey@lucey-law.com
October 10, 2024                mfunai@lucey-law.com
Charleston, South Carolina      ***Attorneys for Plaintiffs***

15